Yuriy TEREHKOV, Individually and d/b/a Terrace Coin-Op Laundry and Dry Cleaning Center, Appellant,

v.

Ernestine CRUZ, Appellee.

No. 16733.

Court of Appeals of Texas, San Antonio.

March 23, 1983.

Robert Loree, Yuriy Terehkov, San Antonio, for appellant.

Nelson Norman, James D. Coffee, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

Defendant, Yuriy Terekhov, individually and d/b/a Terrace Coin-Op Laundry and Dry Cleaning Center, appeals from a default judgment rendered against him awarding plaintiff, Ernestine Cruz, $75,000.00 for personal injuries sustained when she allegedly slipped and fell in defendant's place of business.

Plaintiff brought suit on April 28, 1980, against "Eure Terrycoft, indiv. and d/b/a Terrace Coin-Op Laundry," and served the defendant with citation on April 30, 1980. On May 20, 1980, a letter dated May 5, 1980, signed by the defendant and addressed to the district clerk was received and filed. It recites, in pertinent part as follows:

> The attached document [citation] was delivered to Terrace Laundry; however, there is no person here under such name and no evidence that such accident happend [sic] in this Laundry. Therefore this document was apparently delivered by mistake and is being returned to sender....

On August 25, 1980, plaintiff filed her First Amended Original Petition and served defendant with citation on September 12, 1980. The amended petition reflects that plaintiff attempted to correct the spelling of defendant's name and business as it appeared in the original petition. On October 6, 1980 at 9:30 a.m., a copy of a second letter, dated October 2, 1980 signed by the defendant and addressed to the District Clerk, was received and filed by the district clerk. This letter recited in pertinent part that:

> The attached document was delivered to Terrace Laundry and is now under careful investigation. Our preliminary findings are surprising. Moreover, the plaintiff herself has made no statements under oath specifying the allegations. We are unable therefore to make proper response to this document.

A copy of the amended petition and citation were attached.

On October 6, 1980, the court entered a default judgment in favor of plaintiff stating that "... no answer has been filed by the defendant and that the first Monday after the expiration of twenty (20) days has passed since service was had upon defendant...." The court heard evidence on damages and found plaintiff entitled to $75,000.00. Defendant's timely motion for a new trial was overruled on December 29, 1980.

It is a well settled rule that a default judgment rendered when an answer is on file is error. *Corsicana Ready Mix v. Trinity Metroplex Division, General, Portland, Inc.,* 559 S.W.2d 423 (Tex.Civ.App.—Dallas 1977, no writ history); *Otten v. Snowden,* 550 S.W.2d 758 (Tex.Civ.App.—San Antonio 1977, no writ history); *Stanford v. Lincoln Tank Co.,* 421 S.W.2d 412 (Tex.Civ.App.—Fort Worth 1967, no writ history). Tex.R.Civ.P. 239 authorizes the entry of a default judgment only if the defendant "... has not previously filed an answer...." Appellant contends that the letters he wrote and filed with the district court in response to service of process ensconse a sufficient *pro se* answer. We agree with appellant.

In *Martinec v. Maneri,* 494 S.W.2d 954 (Tex.Civ.App.—San Antonio 1973, no writ history), this court stated: "If the instrument filed by defendants prior to the rendition of the default judgment constitutes an 'answer' however inartistically drawn, then the judgment by default was improperly entered." In *State v. Patterson,* 40 S.W. 224 (Tex.Civ.App.—1897, no writ), the court construed the term "answer" as a "written pleading of some character." Pleadings should be construed so as to do substantial justice and are sufficient if they give fair and adequate notice to the pleader's adversary. *Stone v. Lawyers Title Insurance Corp.,* 554 S.W.2d 183, 186 (Tex.1977); *Osteen v. Crumpton,* 519 S.W.2d 263 (Tex.Civ. App.—Dallas 1975, writ ref'd). Under the rules set forth, the letters filed by the defendant in the trial court and which the

clerk recorded in the case must be considered an answer filed prior to the date the default judgment was entered. The letter of May 5, 1980 is adequate to inform plaintiff of defendant's belief that he was not liable for plaintiff's injuries. Defendant wrote: "There is ... no evidence that such accident happened [sic] in this Laundry...." This averment was sufficient to place in issue the merits of plaintiff's cause of action so as to prevent the entry of a default judgment. As in *Martinec v. Maneri, supra,* defendant's second letter to the court, at the very least, is in the nature of a special exception and must also be considered a challenge to the sufficiency of plaintiff's unverified petition. The fact that defendant's "answer" omits certain formalities required by the rules of procedure does not necessarily render the answer ineffective so as to entitle the plaintiff to a default judgment. *Fidelity & Casualty Co. of New York v. Lopatka,* 24 Tex.Civ.App. 536, 60 S.W. 268 (Tex.Civ.App.1900, no writ history); *Reitmeyer v. Charm Craft Publisher,* 619 S.W.2d 441 (Tex.Civ.App.—Waco 1981, no writ history). The proper practice is for plaintiff to except to the answer or move to strike, before taking a judgment by default for want of an answer. *Fidelity & Casualty Co. of New York v. Lopatka, supra.* While the letters were not properly designated "answers", the instruments contained defendant's signature and address and were timely filed.

The appellee's reliance on *Investors Diversified Services v. Bruner,* 366 S.W.2d 810 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.) for its contention that the letters do not constitute a "legally sufficient pleading" is misplaced. In *Investors Diversified Services,* the court held that the trial court lacked jurisdiction to enter a default judgment because service of citation was improper. The court further stated that letters sent to the court were not appearances by defendant which would constitute a waiver of proper service, but were instead proper pleas or motions to quash citation which were erroneously overruled by the trial court. *Investors Diversified Services, Inc., supra,* is not support for plaintiff's contention that the letters cannot qualify as an answer.

Since we have concluded that the letters filed by the defendant constitute an answer it is unnecessary to determine if defendant's failure to answer was intentional or the result of conscious indifference or if defendant alleged a meritorious defense in his motion for a new trial. *Stanford v. Lincoln Tank Co., supra.*

The judgment of the trial court is reversed and the cause is remanded to the trial court.