**Gloria Dean HARRIS, Appellant,**

v.

**Henry Lee HARRIS, Sr., Appellee.**

**No. 01–92–01008–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1993.

Michael D. Kirby, Houston, for appellant.

Samuel L. Childs, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

**OPINION**

OLIVER–PARROTT, Chief Justice.

Gloria Dean Harris (Mrs. Harris) appeals the trial court's award of a default judgment of divorce to her husband, Henry Lee Harris, Sr. (Mr. Harris). In three points of error, Mrs. Harris argues that the judgment should be reversed and a new trial ordered because she answered Mr. Harris' petition for divorce before the judgment was granted, because Mr. Harris' petition was defective on its face, and because the prerequisite 60–day waiting period from the filing of the petition, which is prescribed in the Texas Family Code, had not elapsed.

The record contains an original petition for divorce, file marked March 27, 1992, showing Mr. Harris as petitioner. The petition does not show the residence of Mrs. Harris or of their son, Henry Lee Harris, Jr.

The citation states incorrectly that the petition was filed on April 20, 1992, and shows that it was served on Mrs. Harris on April 22, 1992. The deadline for Mrs. Harris to file an answer to the petition was

10:00 a.m. on May 27, 1992. On May 8, 1992, the District Clerk received the following letter from Mrs. Harris.

Katherine Tyra District Clerk
Harris County, Texas
301 Fannin
Houston, Texas 77002

I Gloria Dean Harris, am writing this letter in regards to the divorce request that my Husband, Henry Lee Harris, Sr. has filed. Henry and I have been married for 24 years and happily married 22 of those years. He was a wonderful husband, a great Provider and Father to our three children, Detra, 25, Le'Shundra, 19, & Henry Jr. 11. Approximately 2 years ago Henry Sr. moved out without any indication that he planned to do so. I felt at the time he was under a lot of stress due to the compounding medical problems he was encountering and his inability to work. I thought he just wanted a little time and space to sort things out but I was uninformed of his adulterous affair. I gained knowledge of this affair when he moved out of our home into her home. I deeply love my Husband and I believe strongly that granting a divorce is by no means the answer. This separation has affected us all but its had devastating effects on Henry, Jr. He feels a great sense of abandonment and has had a difficult time adjusting to his Dad being away. I really feel that if our Marriage was given some Professional Counseling and intervention, it could possibly be restored. A reconciliation of our marriage and our family is in the best interest of everyone involved.

Sincerely,
Gloria D. Harris

The letter was file marked May 8, 1992. The letter also bears the court number and the case number, although it is unclear if these items were put on the document by Mrs. Harris or someone in the district clerk's office. The envelope in which the letter arrived bore Mrs. Harris's return address, but did not bear a file mark. Both the letter and envelope were in the court's file.

On June 17, 1992, a default hearing was held, without notice to Mrs. Harris. That day, at the default judgment hearing, the trial court acknowledged receipt of Mrs. Harris' letter, but refused to consider it, and entered a final decree of divorce citing Mrs. Harris' alleged default.

A default judgment rendered when an answer is on file is error. *Terehkov v. Cruz,* 648 S.W.2d 441, 442 (Tex. App.—San Antonio 1983, no writ); *Corsicana Ready Mix v. Trinity Metroplex Div., Gen. Portland, Inc.,* 559 S.W.2d 423, 424 (Tex.Civ.App.—Dallas 1977, no writ). Texas courts have always been reluctant to uphold default judgments without notice where a response from the defendant is found in the record. *Santex Roofing & Sheet Metal, Inc. v. Venture Steel,* 737 S.W.2d 55, 56–57 (Tex.App.—San Antonio 1987, no writ). Pleadings will be construed liberally in the absence of special exceptions. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977). In *Smith v. Lippman,* 826 S.W.2d 137 (Tex.1992), the court found that a pro se defendant who sent a signed letter that gave the court a timely response acknowledging receipt and acceptance of the plaintiff's citation and petition, and that identified the parties, the case, and the defendant's current address, had sufficiently appeared by answer and deserved notice of any subsequent proceedings in the case. *Id.* at 138.

In this case, Mrs. Harris' signed letter timely acknowledged receipt of Mr. Harris' petition and identified the parties. It is not clear whether the case number identification on the letter was by Mrs. Harris or by a district clerk's office employee. However, we note that the information in the letter about the parties was sufficient to allow the district clerk's office to identify the case so that the letter was filed in the correct case file. The envelope bore Mrs. Harris return address, and it is a reasonable inference that such address was a current address where Mrs. Harris could have been contacted concerning proceedings in the case. Appellee argues that *Lippman* requires the address must be contained in the letter, but we hold that

when the envelope accompanies the letter and is filed by the clerk, the address is included in the letter.

Mrs. Harris' letter was a sufficient pro se answer pursuant to prevailing case law and common sense. *Terehkov,* 648 S.W.2d at 442–43.

We thus sustain appellant's first point of error. Because of our disposition of this point, it is unnecessary to consider appellant's other points of error.

We reverse the judgment and remand the case.