Opinion issued April 24, 2008










 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01101-CV







WILLIAM F. GALES, SR., Appellant


V.


MICHAEL WILLIAM DENIS, INDIVIDUALLY AND IN HIS CAPACITY
AS INDEPENDENT EXECUTOR OF THE ESTATE OF REBA B. JONES,
DECEASED, AND RONALD E.W. DENIS, Appellees






On Appeal from Probate Court Number 4

Harris County, Texas

Trial Court Cause No. 364,821-401






O P I N I O N


 William F. Gales, Sr., appellant, contests the trial court's order denying his
special appearance. In six issues, he argues that (1) the trial court erred in finding
that he filed an answer before he filed his special appearance, or, alternatively, that
trial court erred in finding that the answer did not conform to Texas Rule of Civil
Procedure 120a; (2) the trial court erred in finding that he had established minimum
contacts with Texas by purposefully availing himself of the privilege of conducting
activities in Texas; and (3) the trial court erred in concluding that the exercise of
personal jurisdiction over him was consistent with traditional notions of fair play and
substantial justice.

 We affirm.

Background

 Michael William Denis, individually and in his capacity as the independent
executor of the estate of Reba B. Jones, Deceased, and Ronald E.W. Denis
(collectively, "the Denises"), appellees, sued appellant for his alleged involvement
in the sale of a piece of property in Brazoria County, Texas that was formerly owned
by Reba Jones, a resident of Alabama. (1)

 According to the Denises' Fourth Amended Original Petition, the property in
question had been owned by Jones's family for more than 56 years. Jones allegedly
executed a durable power of attorney in Alabama on November 20, 1997, in favor of
her daughter, Barbara Gales, who was also a resident of Alabama. On March 17,
2005, Barbara Gales used this authority to execute a warranty deed transferring the
Brazoria County property to her husband, Michael Gales, who was appellant's son. 
The deed states that Michael Gales gave ten dollars and "other valuable
consideration" in exchange for the Brazoria County property. Three days later, on
March 20, 2005, Reba Jones died in Alabama. Five weeks after that, the warranty
deed conveying the Brazoria County property to Michael Gales was recorded in the
real property records of Brazoria County.

 Barbara and Michael Gales subsequently listed the Brazoria County property
for sale with Texas real estate agent Yvette Reyes-Hall. Michael Denis, Barbara
Gales' son from a previous marriage, contacted the realtor's licensed subagent
handling the property listing to inform her that the title to the property was in
question, that probate proceedings were pending, that the property should be taken
off the market, and that all potential buyers should be advised of the title issues. 
Nevertheless, Barbara and Michael Gales entered into a contract to sell the Brazoria
County property to Sable Quest, Ltd. for $1,154,415.36 on February 28, 2006. Six
weeks later, while the sale was pending, Barbara Gales died in Alabama. No will was
found.

 On May 23, 2006, prior to the closing of the sale of the Brazoria County
property, Michael Gales executed an Affidavit of Heirship in Alabama related to the
family history of Barbara Gales. The affidavit appears to have been made directly to
Alamo Title Company, located in the Houston area, and was filed in the property
records of Brazoria County. The Denises allege that this was to "facilitate the sale
of the property [and to] clear up title issues to the property." The affidavit stated,
among other things, that "[Barbara Gales] was married only once and that was to
[Michael Gales]. [Barbara Gales] had no children." Appellant similarly signed the
following statement before a notary in Alabama: "I am also personally acquainted
with the family history and facts of heirship under [Barbara Gales,] having been
personally acquainted with [her] for 24 years. I have read the foregoing affidavit of
[Michael Gales] and after reading the same, I find it to be true and correct." Another
defendant in this suit, Charlotte Wenk, signed a similar statement. Both statements
were likewise filed in the Brazoria County property records.

 The Denises allege that appellant, Wenk, and Michael Gales all knew that
Barbara Gales had been married four times and that the Denises were her two
surviving children. They also argue that appellant and Michael Gales knew that other
statements made in the affidavit were false.

 Three days after appellant, Wenk, and Michael Gales executed the affidavit of
heirship, the Brazoria County property was sold to Sable Quest, Ltd. The closing
took place in Texas on May 26, 2006 through Alamo Title Company. On July 18,
2006, Michael Denis was appointed as independent executor of the estate of Reba
Jones. Michael Gales died on February 23, 2007.

 The Denises brought the underlying suit, (2) alleging fraud and conspiracy to
commit fraud in connection with the disposition of the Brazoria County property. 
Appellant was served in this suit on July 16, 2007 in Alabama. Appellant signed a
letter dated July 20, 2007, and it was filed among the court documents on July 31,
2007. The letter begins with the salutation "To whom it may concern" and states,

I, William F. Gales Sr. [Appellant], acknowledge the service of the
lawsuit against me as part of the suit against Sable Quest, LTD., Yvette
Reyes-Hall, Michael Gales, deceased, and Charlotte Wenk by Michael
Denis on 16 July 2007.


I deny the accusations against me. I have no recollection of signing an
affidavit.


The letter was signed by appellant and two witnesses, and it was notarized by a notary
public of the state of Alabama. The record does not contain any accompanying
envelope or any indication of how the letter came to be filed with the trial court. It
appears that court personnel marked the letter with the cause number.

 On August 13, 2007, appellant's attorney filed a formal special appearance on
behalf of appellant, and the trial court conducted a hearing on the special appearance
on November 19, 2007. Appellant argued that he was not subject to personal
jurisdiction in Texas because his only allegedly wrongful act was the execution of the
affidavit of heirship in Alabama, which did not occur until 14 months after Barbara
Gales had committed the allegedly fraudulent transfer of Jones's property to Michael
Gales. The Denises countered that jurisdiction was proper because appellant
purposefully availed himself of the forum when the fraudulent affidavit was filed in
Brazoria County to effect the sale of the Brazoria County property and because he
received a monetary benefit from the sale of the property to Sable Quest, Ltd. The
Denises presented evidence that appellant was a co-owner with right of survivorship
on the bank account into which Michael Gales deposited the proceeds from the land
sale.

 At the hearing, the trial court asked the parties about the letter signed by
appellant in July 2007 and requested additional briefing on whether it constituted an
answer that waived appellant's objection to jurisdiction in Texas. On November 28,
2007, the trial court issued its order denying appellant's special appearance and made
the following findings of fact and conclusions of law:

1. General personal jurisdiction over [appellant] does not exist because
[the Denises] did not plead sufficient facts to establish continuous and
systematic contacts with Texas.


2. Specific personal jurisdiction over [appellant] exists because [the
Denises] [pleaded] the following facts which were not negated by
[appellant's] proof:


 a. On November 20, 1997 [Reba Jones] appointed her daughter,
Barbara Gales, as agent under a durable power of attorney.


 b. On March 17, 2005 as agent under the power of attorney,
Barbara Gales executed a deed in Alabama transferring [Reba Jones's]
real property located in Brazoria County, Texas (the "property"), which
is the subject of this lawsuit[,] to her husband, Michael Gales.


 c. On March 20, 2005, [Reba Jones] died in Alabama at age 96.


 d. After [Reba Jones's] death, Michael Gales contacted a realtor
in Brazoria County, Texas, and listed the property for sale.


 e. On April 8, 2006, Barbara Gales died in Alabama.


 f. On May 23, 2006, an Affidavit of Heirship (the "Affidavit") to
facilitate closing on the property was executed in Alabama.


 g. The Affidavit states that [appellant] signed the Affidavit and
swore to the information contained in the Affidavit in the presence of a
notary public in Alabama.


 h. The Affidavit contains false information regarding Barbara
Gales' marital history and children.


 i. The Affidavit was filed in the real property records in Brazoria
County, Texas, to assist with the closing of the sale of the property.


3. The facts listed in sections 2f through 2i above present a prima facie
case that [appellant's] purposeful conduct was directed toward Texas
and support [the Denises'] causes of action against [appellant] for fraud
and conspiracy to commit fraud.


4. The exercise of jurisdiction over [appellant] is therefore consistent
with traditional notions of fair play and substantial justice.


5. [Appellant] waived his special appearance by filing an answer before
filing a special appearance, as shown by the following facts:


 a. On July 16, 2007 [appellant] was personally served in
Slocomb, Alabama with [the Denises'] Third Amended Original
Petition.


 b. On July 31, 2007 [appellant], appearing pro se, filed an answer
acknowledging service of [the Denises'] petition, the name of one
Plaintiff and the names of most of the other defendants.


 c. In [appellant's] answer, he denied any accusations against him
and also denied recollection of signing an affidavit.


 d. [Appellant's] answer was signed by [appellant], two witnesses
and a notary public in Alabama.


6. Defendant's answer does not comply with the requirements of Texas
Rule of Civil Procedure [120a] and is not a special appearance by
[appellant].


Analysis

Standard of Review

 Special appearances are governed by Rule 120a, which provides:

[A] special appearance may be made by any party . . . for the purpose of
objecting to the jurisdiction of the court over the person or property of
the defendant on the ground that such party or property is not amenable
to process by the courts of this State. . . . Such special appearance shall
be made by sworn motion filed prior to motion to transfer venue or any
other plea, pleading or motion; provided however, that a motion to
transfer venue and any other plea, pleading, or motion may be contained
in the same instrument or filed subsequent thereto without waiver of
such special appearance . . . . Every appearance, prior to judgment, not
in compliance with this rule is a general appearance.


Tex. R. Civ. P. 120a(1). Rule 120a further states, "Any motion to challenge the
jurisdiction provided for herein shall be heard and determined before a motion to
transfer venue or any other plea or pleading may be heard." Tex. R. Civ. P. 120a(2).

 On appeal we review de novo the trial court's determination to grant or deny
a special appearance. Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801,
806 (Tex. 2002). We review all evidence in the record to determine if the nonresident
defendant negated all possible grounds for personal jurisdiction. N803RA, Inc. v.
Hammer, 11 S.W.3d 363, 366 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (citing
Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex. 1985)).

Waiver

 In his first and second issues, appellant argues that his July 2007 letter was not
an answer that waived his objection to jurisdiction because it did not contain his
current address. The Denises contend that appellant's July 2007 letter was an answer
that waived his special appearance because it did not comply with the dictates of
Texas Rule of Civil Procedure 120a, governing special appearances.

 Courts have construed the term "answer" to mean a "written pleading of some
character." Guadalupe Econ. Services Corp. v. Dehoyos, 183 S.W.3d 712, 716 (Tex.
App.--Austin 2005, no pet.) (citing Santex Roofing & Sheet Metal, Inc. v. Venture
Steel, Inc., 737 S.W.2d 55, 56 (Tex. App.--San Antonio 1987, no writ)). The Texas
Rules of Civil Procedure give the definition and general format for pleadings in
district and county courts. Rule 45 states that pleadings, including answers, shall
"consist of a statement in plain and concise language of . . . the defendant's grounds
of defense." Tex. R. Civ. P. 45(b). As to form, Rule 45 states that pleadings should
"be in writing, on paper measuring approximately 8½ x 11 inches, and either the
signed original together with any verification or a copy of said original and copy of
any such verification shall be filed with the court." Tex. R. Civ. P. 45(d). Rule 45
also states that "[a]ll pleadings shall be construed so as to do substantial justice." 
Tex. R. Civ. P. 45(d). Rule 50 of the Texas Rules of Civil Procedure states, "All
averments of a claim or defense shall be made in numbered paragraphs, the contents
of each of which shall be limited as far as practicable to a statement of a single set of
circumstances." Tex. R. Civ. P. 50. Finally, Texas Rule of Civil Procedure 57 states,
"A party not represented by an attorney shall sign his pleadings, state his address,
telephone number, and, if available, his telecopier number." Tex. R. Civ. P. 57.

 The Texas Supreme Court has held, however, that "a defendant, who timely
files a pro se answer by a signed letter that identifies the parties, the case, and the
defendant's current address, has sufficiently appeared by answer" even if the letter
"was not in the 'standard form' of an answer." Smith v. Lippmann, 826 S.W.2d 137,
138 (Tex. 1992) (citing Terehkov v. Cruz, 648 S.W.2d 441, 442 (Tex. App.--San
Antonio 1983, no writ) and Santex Roofing, 737 S.W.2d at 56-57) (holding answer
was sufficient to avoid default judgment). In addition, following Lippmann, this
Court held that a pro se letter was an answer when the defendant's address was only
included on the envelope the letter was mailed in and it was unclear whether the case
number identification was written by the defendant or by a district clerk's office
employee. Harris v. Harris, 850 S.W.2d 241, 242-43 (Tex. App.--Houston [1st
Dist.] 1993, no writ); see also N803RA, 11 S.W.3d at 366 (likewise following
Lippmann in context of waiver of special appearance).

 Subsequently, the Third Court of Appeals pointed out in Guadalupe Economic
Services:

Although the supreme court stated in Lippmann that a letter possessing
all of the listed identifying factors was a sufficient answer, it did not
address whether a letter that included some, but not all of the factors,
would also be sufficient. However, the court cited Terehkov v. Cruz as
authority for its holding. In Terehkov, the San Antonio court held that
a pro se answer was sufficient even though it only contained the
defendant's signature, address and an assertion that it was not liable for
the plaintiff's claims. The Lippmann court did not limit Terehkov in any
way. Instead, it adopted Terehkov's proposition that a signed letter sent
to a clerk that acknowledged receipt of a citation was a sufficient
answer.


Guadalupe Econ. Services, 183 S.W.3d at 716 (internal citations omitted) (emphasis
added).

 We agree with Lippmann and Guadalupe Economic Services. Appellant's
letter is similar to the letters in Lippmann and Harris. In his letter, appellant
acknowledged service of the lawsuit, correctly named most of the other defendants
and one of the plaintiffs, denied all accusations against him and denied signing an
affidavit. He signed the letter himself and had the letter witnessed and notarized. 
The letter was filed with the clerk of the Harris County, Texas probate court, who
acknowledged receipt by entering a cause number on the letter. Although appellant's
letter did not contain his address or telephone number, as required by Texas Rule of
Civil Procedure 57, the letter "nevertheless gave the court a timely response
acknowledging receipt and acceptance of [the Denises'] citation and petition." 
Lippmann, 826 S.W.2d at 138. We hold that the letter contained enough of the
characteristics of an answer to justify the trial court's finding that the letter was an
answer. See Hock v. Salaices, 982 S.W.2d 591, 594 (Tex. App.--San Antonio 1998,
no pet.) (holding that determination of what constitutes an answer is, by nature, fact
specific, and subject to review for abuse of discretion).

 Appellant, however, argues that he did not file an answer because the letter
filed with the trial court did not include his address. To support his contention,
appellant cites to Smith v. Lippmann and other cases that have followed its reasoning
and included the defendant's current mailing address as one of the elements that made
a pro se letter an answer. See Lippmann, 826 S.W.2d at 138; N803RA, 11 S.W.3d at
366; Home Sav. of Am. FSB v. Harris County Water Control & Improvement Dist.
No. 70, 928 S.W.2d 217, 218-19 (Tex. App.--Houston [14th Dist.] 1996, no writ);
Harris, 850 S.W.2d at 242-43.

 In particular, appellant cites N803RA to support his allegations that his letter
did not waive his objection to jurisdiction. In N803RA, this Court held that the
defendant did not waive a subsequently filed formal special appearance because his
previously filed letter expressed an objection to jurisdiction and was both an answer
and a special appearance. N803RA, 11 S.W.3d at 366-67. Here, however, appellant's
letter made no similar reference to jurisdictional concerns.

 We hold that appellant waived his special appearance because the July letter
constituted an answer and it did not comply with the requirements of Texas Rule of
Civil Procedure 120a because appellant did not argue in any way that he was not
amenable to service of process by the courts of this State. See Tex. R. Civ. P. 120a.

 We overrule appellant's first and second issues.

 Even if appellant had not waived his special appearance, however, we would
still find that he had sufficient minimum contacts with this state in connection with
the transactions that are the subject of the underlying suit to justify the trial court's
exercise of jurisdiction over him.

Specific Jurisdiction

 In his third, fourth, fifth and sixth issues, appellant argues that the trial court
erroneously concluded that he had established minimum contacts with Texas and that
the exercise of jurisdiction over him was consistent with traditional notions of fair
play and substantial justice.

 Whether a court has personal jurisdiction over a defendant is a question of law
subject to de novo review. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789,
794 (Tex. 2002); Glattly v. CMS Viron Corp., 177 S.W.3d 438, 445 (Tex.
App.--Houston [1st Dist.] 2005, no pet.). The trial court, however, must frequently
resolve questions of fact before deciding the jurisdictional question. BMC Software,
83 S.W.3d at 794. When the trial court issues findings of fact and conclusions of law,
we may review the findings of fact on legal and factual sufficiency grounds and
review the conclusions of law de novo as a legal question. Silbaugh v. Ramirez, 126
S.W.3d 88, 94 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (citing BMC Software,
83 S.W.3d at 794).

 The legal and factual sufficiency of the evidence to support a trial court's
findings of fact is reviewable by the same standards that are applied in reviewing the
legal and factual sufficiency of the evidence which supports jury findings. Vannerson
v. Vannerson, 857 S.W.2d 659, 667 (Tex. App.--Houston [1st Dist.] 1993, writ
denied). We may set aside a finding of fact only if the evidence at the trial court level
would not enable a reasonable and fair minded finder of fact to make the finding
under review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). To the
extent that the underlying facts are undisputed, however, we conduct a de novo
review of the conclusions of law. Glattly, 177 S.W.3d at 445.

 Two requirements must be met before a Texas court can exercise personal
jurisdiction over a nonresident defendant. First, the Texas long-arm statute must
authorize the exercise of jurisdiction, and second, the exercise of jurisdiction must be
consistent with the guarantees of due process. Coleman, 83 S.W.3d at 806; Tri-State
Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P., 184 S.W.3d 242, 248 (Tex.
App.--Houston [1st Dist.] 2005, no pet.).

 The long-arm statute permits Texas courts to exercise personal jurisdiction over
a nonresident (3) defendant that "does business" in Texas. Tex. Civ. Prac. & Rem.
Code Ann. § 17.042 (Vernon 1997); see PHC-Minden, L.P. v. Kimberly-Clark Corp.,
235 S.W.3d 163, 166 (Tex. 2007). The statute lists three activities that constitute
"doing business": (1) contracting with a Texas resident when either party is to
perform the contract in whole or in part in Texas; (2) committing a tort in whole or
in part in Texas; and (3) recruiting Texas residents for employment inside or outside
of Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042. This list is not exclusive, (4)
however, and the statute's "doing business" requirement is limited only by the
requirements of federal due process. Koll Real Estate Group, Inc. v. Purseley, 127
S.W.3d 142, 146 (Tex. App.--Houston [1st Dist.] 2003, no pet.) (citing Schlobohm
v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990)).

 Because the language of the long-arm statute is broad, the requirements are
considered satisfied if the exercise of personal jurisdiction comports with federal due
process limitations. CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996). In practice, 
the two conditions are combined into one requirement of due process. Wright v. Sage
Eng'g, Inc., 137 S.W.3d 238, 247 (Tex. App.--Houston [1st Dist.] 2004, pet. denied). 
Thus, the true determinative inquiry is one of federal constitutional due process. See
id.; see also Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,
815 S.W.2d 223, 226 (Tex. 1991).

 With respect to personal jurisdiction, federal due process requires two things. 
First, the nonresident defendant must have purposefully established such minimum
contacts with the forum state that the defendant could reasonably anticipate being
sued there. Glattly, 177 S.W.3d at 446 (citing Burger King Corp. v. Rudzewicz, 471
U.S. 462, 475-76, 105 S. Ct. 2174, 2183-84 (1985)). Second, if the nonresident
defendant has purposefully established minimum contacts with the forum, the
exercise of personal jurisdiction must also comport with traditional notions of fair
play and substantial justice. Id. at 447 (citing Burger King, 471 U.S. at 475-76, 105
S. Ct. at 2183-84). As to fairness, the defendant bears the burden of presenting a
"compelling case" that exercising jurisdiction over him would not be fair or just. See
id. at 450. Only in rare cases, however, will a Texas court's exercise of personal
jurisdiction not comport with fair play and substantial justice when the nonresident
defendant has purposefully established minimum contacts with the forum state. 
Guardian Royal Exch. Assurance, 815 S.W.2d at 231.

 A nonresident establishes minimum contacts with Texas by purposefully
availing itself of the privileges and benefits inherent in conducting business in the
state. Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 784 (Tex.
2005); Koll, 127 S.W.3d at 146. The touchstone of jurisdictional due process is
"purposeful availment," or, in other words, "it is essential in each case that there be
some act by which the defendant purposefully avails itself of the privilege of
conducting activities within the forum State, thus invoking the benefits and
protections of its laws." Michiana, 168 S.W.3d at 784 (quoting Hanson v. Denckla,
357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)) (emphasis in Michiana).

 Minimum contacts may give rise to either general or specific jurisdiction. 
Glattly, 177 S.W.3d at 447. The parties do not argue that the trial court had general
jurisdiction over appellant, and the trial court made a finding that it did not have
general jurisdiction in this case. Therefore, we only analyze whether the trial court
had specific personal jurisdiction over appellant. To satisfy the minimum contacts
element of due process in establishing specific personal jurisdiction, a court may
exercise jurisdiction over a nonresident defendant only if his alleged liability arises
from, or is related to, an activity conducted within the forum. Id. (citing CSR, 925
S.W.2d at 595). The contacts must be purposefully directed at the forum and have a
"substantial connection" to the operative facts of the litigation. Moki Mac River
Expeditions v. Drugg, 221 S.W.3d 569, 576, 585 (Tex. 2007); Shell Compañia
Argentina de Petroleo, S.A. v. Reef Exploration, Inc., 84 S.W.3d 830, 837 (Tex.
App.--Houston [1st Dist.] 2002, pet. denied). We focus our analysis on the
relationship among the defendant, the forum, and the litigation. Shell Compañia
Argentina, 84 S.W.3d at 836-37.

 Here, the underlying facts are essentially undisputed. The Denises filed this
lawsuit to resolve claims that Reba Jones's estate and individual heirs were deprived
of assets by the allegedly fraudulent conveyance of the Brazoria County property. 
The Denises specifically allege that appellant committed the torts of fraud and civil
conspiracy and received a monetary benefit from the sale of the Brazoria County
property. The trial court found that appellant swore to the affidavit containing facts
that he knew to be false and that the affidavit was filed in the Brazoria County
property records to assist with the closing of the sale of the property in Texas. The
Denises' evidence showed that appellant received a monetary benefit from this sale.

 We agree that appellant purposefully availed himself of the forum when he
executed the affidavit of heirship for filing in the Texas property records in
connection with the sale of the Brazoria County property in Texas and that his
affidavit was related to the litigation in this case. As the Denises stated in their
response to the special appearance and in their brief, "But for the filing of
[appellant's] affidavit, the transfer of property resulting in injury to [Jones'] estate
would not have occurred." Appellant argues that the affidavit was not executed until
14 months after Barbara Gales transferred Jones' property to Michael Gales, and,
thus, the estate had already been deprived of the property at the time he executed the
affidavit. However, the second transaction between Michael Gales and Sable Quest,
Ltd. was an integral part of the events that removed a valuable asset from Jones's
estate. See Michiana, 168 S.W.3d at 785 (requiring that contacts must be defendant's
own "purposeful" contacts). Furthermore, the Denises presented evidence that
appellant received a monetary benefit from this sale of Brazoria County property,
including bank records showing that appellant was a joint owner with right of
survivorship on the bank account where Michael Gales deposited the proceeds from
the land's sale. See id. (requiring that defendant must seek some benefit or profit by
availing himself of the jurisdiction).

 The operative facts of the litigation involve the two transactions that operated
to deprive Reba Jones's estate of the property in Brazoria County, and appellant was
involved in the second transaction through his signature on the affidavit filed in the
Brazoria County property records. Appellant argues that he was not aware the
affidavit would be filed in Texas. However, the record demonstrates that the affidavit
itself bears a description of the Brazoria County property, and it appears on its face
to have been made directly to Alamo Title Company. Thus, the trial court could have
reasonably concluded that appellant knew or should have known that the document
related to the sale of a piece of property in Texas. See City of Keller, 168 S.W.3d at
827 (holding that appellate court may set aside fact-finding only if evidence would
not allow reasonable fact finder to make finding under review); see also Glattly, 177
S.W.3d at 446-47 (holding that foreseeability is an important, but not determinative,
consideration in deciding whether a nonresident defendant has purposefully
established minimum contacts). We hold that appellant purposefully established
minimum contacts with Texas. See Michiana, 168 S.W.3d at784.

 When an appellant has purposefully established minimum contacts with Texas,
we will only hold that the exercise of specific personal jurisdiction over him violates
traditional notions of fair play and substantial justice if we determine that rare
circumstances merit such a holding. Guardian Royal Exch. Assurance, 815 S.W.2d
at 231. Here, appellant has not presented any evidence that the trial court's exercise
of jurisdiction over him is unfair or unjust. Appellant has failed to meet his burden
of presenting a "compelling case" that exercising jurisdiction over him would not be
fair or just. See Glattly, 177 S.W.3d at 450.

 We overrule appellant's third, fourth, fifth, and sixth issues.







Conclusion

 We affirm the order of the trial court that denied appellant's special
appearance.




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. Other defendants in the underlying suit are Sable Quest, Ltd., 20 GP, L.L.C., Yvette
Reyes-Hall, Michael Steven Gales, Charlotte Wenk, Andy Arnold Reyes,
Reyes/Planka Realtors, Inc., and Chrysta Gales Graves in her capacity as
administrator of the Estate of Michael Steven Gales. None of these defendants is a
party to this interlocutory appeal; however, some of these parties are discussed further
in the background as they relate to the claims against the appellant.
2. Estate of Reba B. Jones, Deceased, No. 364,821-401 (Probate Court No. 4, Harris
County, Tex.).
3. A "nonresident" includes "an individual who is not a resident of [Texas]." Tex. Civ.
Prac. & Rem. Code Ann. § 17.041 (Vernon 1997).
4. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).