**Opinion issued October 11, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00798-CV

———————————

## CAROLINE BEARD, Appellant

## V.

## MIGUEL URIOSTEGUI, Appellee

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2005-78194**

---

## O P I N I O N

Caroline Beard challenges the trial court's default judgment on restricted appeal. The trial court granted Miguel Uriostegui's petition to modify custody and child support with regard to one of Beard's and Uriostegui's children. Beard

argues that the letter she sent to the trial court in response to service of Uriostegui's petition should be considered an answer, entitling her to notice of the trial. Because she was not given notice, she complains that the trial court erred in granting a default judgment. We agree. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND

Beard and Uriostegui were married for ten years and had two children, a daughter and a son. Beard filed for divorce in 2005, and the parties' divorce was finalized in April 2006. The Final Decree of Divorce appointed Beard and Uriostegui as joint managing conservators of the children, and Beard was given the exclusive right to establish the residence for both children.

### A. Uriostegui's Petition to Modify Custody and Support

In September 2010, Uriostegui filed an Original Petition to Modify with respect to his son, G.U. Uriostegui's petition alleged that Beard had voluntarily allowed G.U. to live with Uriostegui full-time for more than six months. He requested that he be granted the exclusive right to designate G.U.'s primary residence. He also requested that Beard be ordered to pay support for G.U., beginning at the date of service of the petition to modify, and that Beard be ordered to pay Uriostegui's attorney's fees.

2

Beard was served a copy of Uriostegui's petition on September 23rd, 2010. The return of service was filed with the court on September 24th, 2010.

## B. Beard's Response

Beard sent an October 5, 2010 letter to the trial court via certified mail. In that letter Beard identified the case number, the style of the case, the parties, and stated the following:

> I Caroline Beard, former name of Caroline Uriostegui, wish not to contest this suit against me. I do this not because I don't wish to have custody of my son like I have had for the past 4 ½ years, but because the lawyer and court fees would outweigh the child support gained in the issue. Including the lost wages from the court and lawyer visits it would be contradictory to me and my finances which is what this case is all about.

> I would like the court to be aware that there is also another child that is a part of this divorce: [G.U.2], my 6 yr old daughter. Miguel was not involved in my children's lives and does not see his daughter [G.U.2.]. He only started seeing [G.U.2] last year. She just started kindergarten and goes to after school care for $200 a month. My son [G.U.] is also on Vyvanse an ADHD medication that he takes daily for $186 a month. I know his father Miguel won't buy him his medications that he needs because he thinks that the doctor that diagnosed him does not know what he is doing and [G.U.] does not need it. My children don't have health insurance, their father Miguel is supposed to provide that for them as stated in the divorce decree but does not. The family insurance through my job is very costly, and unaffordable for me at this moment, therefore [G.U.] expects me to get them for him every month.

> I would also like the court to be aware of the fact that there was a restraining order against Miguel for the protection of the children [G.U.], and [G.U.2] and myself that has probably expired now but that I got for our own protection against this temperamental, abusive and vindictive man.

3

Miguel Uriostegui owes me back child support since he has not consecutively paid the child support all these years and every time he leaves a job and finds another it takes a long time before he is found and I start getting it again. I will bring all the according records to support all the above facts with me to court when this case is settled in court.

I would like to let you know that I also have my two other children living with me [C.G.] and [M.G.].

I wish and pray the court asses[s] all of the above facts and judges accordingly.

## C. The Hearing

Uriostegui's petition was heard on March 23, 3011, before a visiting judge. Beard was not given notice of the trial. The visiting judge made note on the docket sheet that there was a letter on file that Beard did "wish not to contest this suit."

Uriostegui testified that G.U. had been living with him for more than six months, was thriving, and that modifying the original divorce decree to permit him to establish G.U.'s residence was in G.U.'s best interest. Uriostegui also testified that although he does not have any information about Beard's income, based on his attorneys' and his Internet research about potential salaries for her job at an ophthalmology office, he is proposing that Beard pay $730 per month in child support for G.U. He requested that payment be ordered retroactively to the date of service of the petition to modify.

The visiting judge stopped the hearing at this point, telling Uriostegui's counsel that "[e]verything else is good up until the child support," but expressing

4

the view that "there is no evidence of that." He stated he would not approve the child support request, but that Uriostegui's counsel could take it up with the presiding judge. No exhibits were admitted and no other testimony or evidence appears on the record.

## D. The Judgment

On the same day, the presiding judge signed an Agreed Order in Suit to Modify the Parent-Child Relationship. The order states that "Respondent, Caroline Uriostegui, although duty noted and cited to appear wholly failed to file an answer or otherwise enter an appearance   Accordingly, Respondent has wholly made default." Among other things, the order awarded custody of G.U. to Uriostegui, established Beard's visitation schedule, directed Beard to pay $730 per month for G.U.'s support, and awarded to Uriostegui from Beard $3,650 in retroactive child support.

## THIS APPEAL

Beard brought this restricted appeal, arguing in one issue that "[t]he trial court should have treated the letter from Appellant as an answer and not allowed the hearing to proceed without proof of notice of hearing being provided to Appellant."[1]

---

[1] Appellee Uriostegui did not file a brief here.

## A. Restricted Appeal

In restricted appeal cases, the Appellant must establish that he or she (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment complained of and did not file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) that there is error apparent on the face of the record. *Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, 284 S.W.3d 385, 390 (Tex. App.—Houston [1st Dist.] 2008, no pet.); TEX. R. APP. P. 30. Beard filed notice of the restricted appeal within six months after the judgment was signed and is a party to the underlying lawsuit. She did not file any post-judgment motions or requests for findings of fact and conclusions of law. The sole issue, therefore, is whether or not error is apparent on the face of the record.

## B. Default Judgment

Generally, a plaintiff may take a default judgment against a defendant who fails to file an answer. *See* TEX. R. CIV. P. 239. A defendant who fails to answer or appear is not entitled to notice of a hearing on the default judgment. *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). A defendant who makes an appearance in the case, however, is entitled under the due process clause to notice of a trial on the merits or a hearing on a motion for

6

default judgment. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.).

Beard argues that her letter to the trial court should have been construed as an answer, rendering the granting of a default judgment error. She points out that her letter "identified the parties and the case number" and that while Beard stated in the letter that she "wish[es] not to contest this suit against me," she gave a clear indication that she intended to be present at any hearing by further stating that she "will bring all the according records to support all of the above facts with me to court when the case is settled in court." She notes that the trial court was clearly aware of the letter, as it made reference to it on the docket sheet. According to Beard, her letter—taken as a whole—"was an answer, not a waiver" and the trial court's failure to treat it as such violated the rule that pleadings be construed liberally absent special exceptions. We agree.

In *Smith v. Lippmann*, the supreme court held that "a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case." 826 S.W.2d 137, 138 (Tex. 1992). This Court has clarified that if the *Lippmann* criteria are otherwise met, the defendant's current address need not be set forth in the body of the defendant's

7

letter; it is enough if, as in this case, "the envelope [bearing a return address] accompanies the letter and is filed by the clerk." *Harris v. Harris*, 850 S.W.2d 241, 242–43 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Beard sent a signed letter to the trial court identifying the parties, the case number, the style of the case, and the issues in the case. Her letter did not contain her current address in the body of the letter, but the envelope containing her letter had a return address and was filed by the court. A fair reading of her letter reflects that, for financial reasons, she did not intend to resist Uiostegui's request for custody of G.U., but that, at a minimum, she planned to present evidence related to Uriostegui's alleged failure to meet his financial obligations to her. This "letter was a sufficient pro se answer pursuant to prevailing case law and common sense." *Id*. at 243. The trial court's treatment of the letter as her acquiescence in all the relief sought by Uriostegui was error.

## CONCLUSION

We reverse the trial court's default judgment and remand the case to the trial court for a new trial.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

8