**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00139-CV**
_____

**RHOJO ENTERPRISES, LLC D/B/A ORION RECOVERY, Appellant**

**V.**

**ANDREW JAMES STEVENS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 15-07-07637-CV**

**OPINION**

Appellee, Andrew James Stevens ("Stevens"), filed suit against Appellant,

Rhojo Enterprises, LLC d/b/a Orion Recovery ("Orion").[1] Stevens moved for default

judgment as to Orion based upon its failure to answer the lawsuit. Orion filed a

_____

[1] Stevens also sued T-Mobile USA, Inc. and Aurora Enterprises, Inc. d/b/a Aurora Collection Bureau; however, neither of those entities is a party to the present appeal.

1

Motion to Dismiss with Prejudice and Enter Judgment ("Motion to Dismiss"), *pro se*, on October 21, 2015. Following a hearing on October 30, 2015, the trial court granted Stevens's motion and entered a Final Judgment in his favor. Orion then filed this restricted appeal. The issues presented are (1) whether the trial court erred in failing to recognize Orion's *pro se* pleading as a sufficient answer to preclude entry of default judgment, and (2) whether the trial court erred by not providing Orion with notice of the default judgment hearing. We sustain the first issue and reverse the trial court's judgment.

**Background**

This case arose out of a dispute over a cell phone service contract Stevens entered into on a military base while he was on active duty in Germany in September of 2010. In June of 2011, while still in Germany, Stevens received orders for his deployment to Afghanistan. Accordingly, Stevens advised the Telekom representative on base that he was terminating the contract under the Service Members Civil Relief Act. Stevens testified at the default hearing that they agreed to cancel the contract.

In January of 2015, Stevens learned that Orion was reporting negative items on his credit history for collection of the allegedly delinquent cell phone account. According to Stevens, Orion claimed he never provided proof of his orders, and the

contracts were never cancelled. Stevens asserted that his credit score dropped substantially due to these reports, causing him to incur damages in the form of higher finance charges on the purchase of a vehicle.

On July 28, 2015, Stevens sued Orion and others for various causes of action relating to the service contract and debt collection. Stevens attached a sworn affidavit wherein he disputed the debt and denied he owed anything. He further alleged the cell phone contract at issue was properly cancelled. Stevens sought actual damages, pre- and post-judgment interest, court costs, and attorneys' fees. The Return of Service indicates that a private process server served Orion with a copy of the Non-Resident Citation and Plaintiff's Original Petition by hand-delivery to its Registered Agent, Roderick E. Schirado, on August 11, 2015.

On October 7, 2015, Stevens filed a Motion for Default Judgment based on Orion's failure to answer. With the motion, Stevens attached the Return of Service and Citation, along with a Certificate of Last Known Address for Orion. On October 7, 2015, Stevens filed a Notice of Oral Hearing concerning the motion, but there is no Certificate of Service for the Notice in the record. The Notice indicated the hearing was set for October 30, 2015. On October 21, 2015, Orion filed its Motion to Dismiss, *pro se*, signed by Rhonda Schirado, as owner. That document contained the style of the case, the names of the parties, and the trial court. It also included

3

denials of the allegations contained in Stevens's petition, as well as affirmative claims regarding the validity of Stevens's debt. The motion contained a certificate of service asserting that such motion was served on Stevens's attorney by facsimile on October 21, 2015.

On October 30, 2015, the trial court held the hearing on Stevens's Motion for Default Judgment. Orion did not appear, by representative or through counsel. Stevens presented evidence regarding his claims and damages. Without any mention of the pleading filed by Orion, the court granted the Motion for Default Judgment and awarded damages, attorneys' fees, pre- and post-judgment interest, and costs of court. A Final Judgment was entered on November 16, 2015. This restricted appeal ensued.

**Standard of Review**

To prevail on its restricted appeal, Orion must prove that: (1) it filed its restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the

4

face of the record.[2] *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999); *Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991).

Review by restricted appeal affords the appellant the same scope of review as an ordinary appeal, which is a review of the entire case. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (writ of error appeal). Our review is limited to the face of the record, consisting of all documents on file with the trial court at the time of judgment. *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.). Conversely, "[e]vidence not before the trial court prior to final judgment is beyond the scope of review and may not be considered." *Id*.

In the present case, the trial court entered Final Judgment on November 16, 2015. Orion filed its Notice of Restricted Appeal on April 18, 2016, which was within the requisite six month time period. *See* Tex. R. App. P. 26.1(c), 30. Orion was also a party to the underlying lawsuit, as evidenced by Stevens's Original Petition. Orion did not participate at the hearing on Stevens's Motion for Default

---

[2] The predecessor to a restricted appeal was a writ of error. *See* Tex. R. App. P. 30. Many of the cases discussing the procedure and requirements refer to it as a writ of error.

Judgment. On January 22, 2016, sixty-seven days after the Final Judgment was entered, Orion filed its Motion for New Trial. Thus, the Motion for New Trial was not timely filed. *See* Tex. R. Civ. P. 329b(a) (requiring a motion for new trial to be filed within thirty days after the judgment). The only element left to examine is whether error is apparent on the face of the record.

**Analysis**

In its first issue, Orion argues the trial court committed error when it failed to recognize the *pro se* pleading it filed as an answer. "Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of a letter." *Home Sav. of Am. FSB v. Harris Cnty. Water Control and Improvement Dist.*, 928 S.W.2d 217, 218 (Tex. App.—Houston [14th Dist.] 1996, no writ); *see also Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992); *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ). It is well settled that rendition of a default judgment when there is an answer on file is error. *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex. App.—San Antonio 1983, no writ); *Corsicana Ready Mix v. Trinity Metroplex Div., Gen., Portland, Inc.*, 559 S.W.2d 423, 424 (Tex. Civ. App.—Dallas 1977, no writ); *Martinec v. Maneri*, 494 S.W.2d 954, 956

6

(Tex. Civ. App.—San Antonio 1973, no writ); *Stanford v. Lincoln Tank Co.*, 421 S.W.2d 412, 413 (Tex. Civ. App.—Ft. Worth 1967, no writ). Texas courts generally go to great lengths to recognize any appearance or response as an answer in order to prevent inequity or injustice in the context of a default judgment. *Hock*, 982 S.W.2d at 593.

Pleadings are to be liberally construed in favor of the pleader. *See Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex. 1977). "Pleadings are sufficient . . . if they give fair and adequate notice to their adversary." *Id.*

In *Smith v. Lippmann*, the Texas Supreme Court concluded that "a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case." 826 S.W.2d at 138; *see also Terehkov*, 648 S.W.2d at 442–43 (signed letters to clerk timely acknowledging receipt of citation sufficed as "pro se answer" to prevent default judgment).

Courts have held that responses by a party that contain some, but not all, of the elements outlined in *Lippmann* qualify as an answer. *See, e.g.*, *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 717 (Tex. App.—Austin 2005, no pet.) (holding that letter failing to state the cause number and the additional defendants nonetheless provided sufficient information about the case to allow the district

7

clerk's office to identify and file it correctly, and therefore constituted an answer sufficient to entitle party to notice of proceedings); *Harris v. Harris*, 850 S.W.2d 241, 242–43 (Tex. App.—Houston [1st Dist.] 1993, no writ) (letter constituted answer when address was not contained in the body of the letter but was on the accompanying envelope); *Beard v. Uriostegui*, 426 S.W.3d 178, 182 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Harris* and holding same). In *Gales v. Denis*, the appellant acknowledged service of the lawsuit, correctly named most of the other defendants and one of the plaintiffs, denied the allegations against him, signed it and had it notarized. 260 S.W.3d 22, 30 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Although the appellant's letter in that case did not contain his address or telephone number, the court held the letter contained enough of the characteristics of an answer to justify the trial court's finding the letter was an answer. *Id.*

In this case, Orion electronically filed its Motion to Dismiss, *pro se,* on October 21, 2015. That pleading contained the proper style of the case, including the names of the parties and the trial court. It was signed and dated by Orion's owner, and contained a Certificate of Service indicating that it was sent to Stevens's counsel. It also included denials of the allegations in Stevens's Original Petition, along with affirmative claims that Stevens's debt was properly owed. Prior to e-filing the document, Orion would be required to register for the court's electronic filing

8

system. We take judicial notice of the fact that, when registering for the court's electronic filing system, a party must provide a current address and email address where they may receive documents. Accordingly, although Orion's Motion to Dismiss does not contain Orion's current address, we find that, in line with other similar cases, the filing gave Stevens fair and adequate notice and contained sufficient information to constitute an answer. *See Beard*, 426 S.W.3d at 182; *Harris*, 850 S.W.2d at 242–43. The answer was on file prior to the hearing on October 30, 2015, when the trial court granted Stevens's Motion for Default Judgment and prior to the entry of Final Judgment signed on November 16, 2015.

Notably, Stevens does not argue on appeal that Orion's pleading failed to include adequate notice or contain sufficient information to constitute an answer. Rather, Stevens's only argument is that Orion is a corporation and not an individual, thus an individual filing a Motion to Dismiss with Prejudice on the corporation's behalf constitutes the unauthorized practice of law, rendering reliance on such instrument unlawful. We find this argument unpersuasive. It is generally true that only a licensed attorney can appear and represent a corporation in litigation. *See* Tex. Gov't Code Ann. § 81.102(a) (West 2013); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996).

> However, when considering answers filed by non-attorney corporate officers, the courts of appeals have "gone to great lengths to excuse

9

defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Texas Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them."

*Dehoyos*, 183 S.W.3d at 716 n.4 (quoting *Hock*, 982 S.W.2d at 593).

Accordingly, we conclude that the trial court's rendition of default judgment against Orion when there was an answer on file constitutes error apparent on the face of the record. We reverse the judgment and remand this cause to the trial court for further proceedings.[3]

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on August 14, 2017
Opinion Delivered February 1, 2018

Before McKeithen, C.J., Kreger, and Johnson, JJ.

---

[3] We need not address Orion's second issue as it would afford no greater relief. *See* Tex. R. App. P. 47.1