**Opinion issued February 28, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00111-CV**

_____

**CORY LEE HALE, Appellant**

**V.**

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS AND TIFFANY AMANDA RANDALL, Appellees**

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-255136**

## MEMORANDUM OPINION

In this case, the Office of the Attorney General of Texas ("OAG") filed suit to modify appellant Cory Lee Hale's child support obligation. After being served with citation, Hale, acting pro se, filed a letter with the district clerk. Hale did not

receive notice of the hearing on the modification petition. After the hearing, which Hale did not attend, the trial court rendered a default order increasing Hale's support obligation.

In his sole issue on appeal, Hale argues that the letter he filed with the district clerk constituted an answer to the modification proceeding and, therefore, he was entitled to notice of the trial setting. The OAG agrees that Hale's letter constitutes an answer and that he was entitled to notice of the hearing. The OAG concedes that rendition of the default order under these circumstances constitutes reversible error. We reverse and remand.

## Background

In 2011, the 156th District Court of Aransas County signed an order establishing the parent-child relationship between Hale and his minor son, J.K.R. ("John"). This order appointed Hale and Tiffany Randall, John's mother, as joint managing conservators, and designated Randall as the conservator with the exclusive right to determine John's primary residence. The court ordered Hale to pay $216 per month in child support.

Hale, Randall, and the OAG returned to court several times over the years to modify Hale's child support obligation. In 2015, the trial court increased Hale's child support obligation to $285 per month. In 2018, the 156th District Court transferred the proceeding to the 387th District Court of Fort Bend County.

2

In 2019, the 387th District Court signed an agreed order reducing Hale's child support obligation to $0. The order made specific findings concerning Hale's and Randall's monthly net resources and stated that the "percentage applied to CORY LEE HALE's net resources for child support is 0%." A handwritten finding stated that John was currently residing with Hale, and the parties had agreed "to deviate from the child support guidelines amount of $694.00 monthly to $0.00 monthly." Hale did not request that Randall pay child support to him.

The OAG filed the underlying proceeding to modify the child support order on July 8, 2021. The petition alleged that circumstances had materially and substantially changed since rendition of the agreed child support order in 2019. The OAG did not argue that Hale's support obligation should be increased to a specific amount; instead, it argued that "appropriate current child support should be ordered pursuant to Texas Family Code Chapter 154." Hale was served with citation on July 21, 2021.

On July 30, 2021, the Fort Bend County District Clerk filed a handwritten letter from Hale, acting pro se. Hale addressed the letter to "the District Clerk of Fort Bend County TX." In the letter, Hale stated:

> My name is Corey Hale, Father of [John]. I received a modification of child support order on July 21, 2021. We agreed at the last court hearing on July of 2019 that [John] would live with me here at [Hale's address in Ingleside, Texas]. My son [John] is now 17 years old and has been with me the last 3 years. I don't want to keep going back and forth to court especially since [John] will be 18 years old next year. I want to

be as involved in [John's] life as his mom Tiffany Randall so I'm asking that we split 50/50 custody of [John]. None of us live in Fort Bend County and would like to transfer our case to San Patricio County where I live or Nueces County where Tiffany Randall lives.

Hale signed the letter and provided his phone number and email address. He labeled the letter with both the trial court cause number and the "OAG number," a number that had been present on every filing by the OAG and on orders signed by both the 156th and 387th District Courts.

The trial court held a hearing on the modification petition on November 3, 2021. Randall, her counsel, and an attorney from the OAG appeared at the hearing, but Hale did not. In an order signed on November 5, 2021, the trial court ordered Hale to pay $740 per month in child support. This order was entitled "Default Order in Suit for Modification of Support Order," and it recited that Hale, "although duly notified, did not appear."[1]

Hale, represented by an attorney, moved for a new trial. He argued that his July 30, 2021 letter to the clerk constituted an answer. He further argued that he was not given notice of the November 3, 2021 hearing on the OAG's petition to modify. He stated: "Respondent's attorney contacted the Attorney General's office and was told no notice was given because no answer was filed. Respondent's attorney has verified with the District Clerk's office that Respondent did indeed file the Answer

---

[1] The trial court's docket sheet entry for November 3, 2021, states: "Cory Hale served but failed to appear."

4

on July 30, 2021." Hale requested that the trial court grant a new trial, place the case back on its docket, and then transfer the case to San Patricio County. As evidence, Hale attached a photograph of his handwritten letter addressed to the clerk's office.

Hale's motion for new trial was overruled by operation of law. This appeal followed.

## Entitlement to Notice of Trial Setting

In his sole issue, Hale argues that the pro se letter that he filed with the Fort Bend County District Clerk on July 30, 2021, constitutes an answer, and he was therefore entitled to notice of the trial setting on the OAG's modification petition. He argues that because he did not receive notice of the trial setting, the trial court erred by rendering a default modification order against him.

### A.    *Governing Law*

At any time after a defendant is required to answer, the plaintiff may take a default judgment if the defendant has not previously filed an answer and if the return of service has been on file with the clerk for ten days. TEX. R. CIV. P. 107(h), 239. The trial court may not render a default judgment after the defendant has filed an answer. *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

A party that files an answer is entitled to notice of a trial setting as a matter of due process. *Rodriguez v. Marcus*, 564 S.W.3d 216, 221 (Tex. App.—El Paso 2018,

5

no pet.); *see Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) ("Failure to give notice violates 'the most rudimentary demands of due process of law.'") (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)). Entry of a post-answer default judgment against a defendant who did not receive notice of a trial setting or a dispositive hearing constitutes a denial of due process. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam); *Rodriguez*, 564 S.W.3d at 221; *see In re $475,001.16*, 96 S.W.3d at 627 ("A post-answer default judgment is valid only if the defendant has received notice of the default judgment hearing.").

By filing an answer, the defendant places "in issue" the matters raised in the petition, and the case becomes "contested." *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019) (per curiam). The trial court may set contested cases "with reasonable notice of not less than forty-five days to the parties of a first setting for trial." TEX. R. CIV. P. 245. "The forty-five days' notice provision is mandatory." *Rodriguez*, 564 S.W.3d at 221. If the defendant does not have notice of the trial setting as required by Rule 245, "the post-answer default judgment should be set aside because it is ineffectual." *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.).

A responsive pleading may constitute an answer even if it does not comply with the Texas Rules of Civil Procedure. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); *see, e.g.*, TEX. R. CIV. P. 45, 83, 84, 85, 92. "Texas

6

courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record." *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ); *see Sells v. Drott*, 259 S.W.3d 156, 159 (Tex. 2008) (per curiam). For a filing to constitute an answer, it "must contain sufficient information to place in issue the claims made in the suit." *Guadalupe Econ. Servs. Corp. v. DeHoyos*, 183 S.W.3d 712, 716 (Tex. App.—Austin 2005, no pet.)

In *Smith v. Lippmann*, the pro se defendant mailed a letter to the district clerk stating that he had received and signed for the citation. *See* 826 S.W.2d at 137. The defendant identified the case number, the parties, and the trial court, and he signed the letter and provided his current address. *Id.* The Texas Supreme Court held that a pro se defendant who timely files a signed letter that identifies the parties, the case, and the defendant's current address "has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case." *Id.* at 138.

The intermediate appellate courts, including this Court, have followed the Texas Supreme Court's holding in *Smith* and liberally construed responsive filings by pro se defendants. In *Beard v. Uriostegui*, a panel of this Court concluded that a pro se letter sent by the defendant to the trial court constituted a sufficient answer that entitled the defendant to notice of the trial setting. *See* 426 S.W.3d 178, 182 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Beard's letter to the court identified

7

the cause number, the style of the case, and the parties. *Id.* at 180. Although Beard stated that she did not wish "to contest this suit against [her]" due to the cost of attorney's fees and court costs, she provided some information about the case and stated that she intended to "bring all the according records to support all the above facts with [her] to court when this case is settled in court." *Id.* We concluded that this was a "sufficient pro se answer pursuant to prevailing case law and common sense." *Id.* at 182 (quoting *Harris v. Harris*, 850 S.W.2d 241, 243 (Tex. App.—Houston [1st Dist.] 1993, no writ)).

Likewise, our sister courts of appeals have repeatedly held that documents filed by pro se defendants and addressed to the trial court or to the district clerk are sufficient to constitute an answer.[2] *See, e.g.*, *Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 625 (Tex. App.—Beaumont 2018, no pet.) (concluding that motion to dismiss filed by company constituted answer when filing contained proper style of case, denied allegations asserted in petition, raised affirmative claims, and was

---

[2]     Courts have concluded that filings by pro se defendants that include "no statement that could be construed as any type of response to the pleadings" are not sufficient to constitute an answer. *See Narvaez v. Maldonado*, 127 S.W.3d 313, 318 (Tex. App.—Austin 2004, no pet.) (noting that although defendant signed "return portion" of citation and mailed it back to district clerk, this filing "did not even acknowledge receipt or acceptance of the citation and petition" and "in no way responds to the petition for divorce and cannot be construed as an appearance"); *see also In re J.P.*, 196 S.W.3d 434, 438 (Tex. App.—Dallas 2006, no pet.) (letter filed in response to petition seeking to terminate parental rights did not constitute answer when letter stated cause number and partial style but did not provide defendant's address for service and did not directly respond to termination allegations).

signed and dated by company's owner); *In re R.K.P.*, 417 S.W.3d 544, 549, 551 (Tex. App.—El Paso 2013, no pet.) (pro se letter filed with trial court identified cause number and parties and informed court that defendant had been admitted to hospital, but intended to be physically present at court on day of her release); *Guadalupe Econ. Servs. Corp.*, 183 S.W.3d at 716–17 (letter signed by nonprofit organization's executive director identified plaintiffs, acknowledged receipt and acceptance of citation, and responded to petition's allegations); *In re K.B.A.*, 145 S.W.3d 685, 690–91 (Tex. App.—Fort Worth 2004, no pet.) (letter filed with court clerk was timely, signed, and notarized; it identified parties, children, cause number, and parties' current addresses; and it denied allegations of termination petition and objected to court's jurisdiction); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (letter to clerk of court filed by company's vice president identified cause number, defendant's name and address, and denied liability).

### B.    *Analysis*

The OAG filed a petition seeking to modify Hale's child support obligation and served him with a copy of this petition on July 21, 2021. On July 30, 2021, Hale, acting pro se, filed a handwritten letter addressed to "the District Clerk of Fort Bend County TX." This letter stated:

> My name is Corey Hale, Father of [John]. I received a modification of child support order on July 21, 2021. We agreed at the last court hearing

9

on July of 2019 that [John] would live with me here at [Hale's address in Ingleside, Texas]. My son [John] is now 17 years old and has been with me the last 3 years. I don't want to keep going back and forth to court especially since [John] will be 18 years old next year. I want to be as involved in [John's] life as his mom Tiffany Randall so I'm asking that we split 50/50 custody of [John]. None of us live in Fort Bend County and would like to transfer our case to San Patricio County where I live or Nueces County where Tiffany Randall lives.

Hale included the trial court cause number and the OAG "case number" that had appeared on multiple prior filings and orders. Hale signed the letter and provided his phone number and email address.

In addition to providing information allowing the district clerk to identify the parties and the case, Hale acknowledged receipt of the modification petition and responded to the allegations by stating that John had been living with him since the last modified order was entered in July 2019. He expressed a desire to remain involved in John's life and share custody with Randall. Hale also requested that the court transfer the case to either the county where he lived or the county where Randall lived. We conclude that this filing by Hale was sufficient to constitute an answer. *See, e.g.*, *Smith*, 826 S.W.2d at 138; *Guadalupe Econ. Servs. Corp.*, 183 S.W.3d at 716 (stating that answer "must contain sufficient information to place in issue the claims made in the suit").

Because Hale filed an answer to the OAG's modification petition, he was entitled to at least forty-five days' notice of the trial setting on the petition. *See* TEX. R. CIV. P. 245; *Mabon Ltd.*, 369 S.W.3d at 813 (stating that entry of post-answer

10

default judgment against defendant who did not receive notice of trial setting constitutes violation of due process); *Blanco*, 20 S.W.3d at 811 (stating that if defendant does not have notice of trial setting, post-answer default judgment should be set aside as ineffectual). Hale argued in his motion for new trial and on appeal that he did not receive notice of the trial setting. On appeal, the OAG agrees that Hale "was entitled to a notice of the trial setting" because he filed a letter that was sufficient to constitute an answer. The OAG therefore "concedes error in this matter."

We therefore conclude that the trial court erred by failing to set aside the default modification order rendered against Hale on November 5, 2021. We sustain Hale's sole issue.

## Conclusion

We reverse the trial court's default modification order and remand the case to the trial court for a new trial.

April L. Farris
Justice

Panel consists of Justices Kelly, Landau, and Farris.

11