**Opinion filed April 16, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00276-CV

_____

**UNGER TEXAS STONE, LP AND SHELIA UNGER, Appellants**

**V.**

**DEERE CREDIT, INC., Appellee**

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. CV33035**

## O P I N I O N

In this restricted appeal from a default judgment in favor of Appellee, Deere Credit, Inc., *see* TEX. R. APP. P. 30, we consider whether a letter filed by a non-attorney in response to a suit filed against the non-attorney and a limited partnership of which the non-attorney is a member, is sufficient to constitute an answer on behalf of the non-attorney *and* the limited partnership.

Here, Appellants, Unger Texas Stone, LP and Shelia Unger, challenge the trial court's judgment in what we construe as three issues, contending that error is apparent on the face of the record because: (1) Unger Texas Stone's and Shelia's "Answer" should have been considered by the trial court before they were defaulted; (2) neither Appellant received notice of the filing of Deere Credit's motion for default judgment, nor did they have an opportunity to respond to the motion before the trial court signed the default judgment because it declined to set a hearing on Deere Credit's motion; and (3) neither Appellant received notice that the trial court had signed the default judgment within the requisite time to file a motion for new trial. We reverse and remand.

## I. *Factual Background*

On March 7, 2022, Deere Credit sued Unger Texas Stone, a limited partnership, and Shelia to collect a debt that originated from a 2016 lease agreement for quarry equipment that the parties had executed. Citations were issued for both Unger Texas Stone and Shelia on the same day. The citations recited that Shelia would be served at 3936 County Road 263 in Breckenridge, and that Unger Texas Stone would be served through its registered agent—Ervin Unger—at the same address. Shelia was personally served on July 2,[1] and the citation that accompanied the service she received stated in part:

> **YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER**

---

[1]The return of service for Sheila included an attested declaration from the process server that stated he served her with the citation, Deere Credit's original petition, and attached exhibits. However, the return of service for Unger Texas Stone indicates that Ervin passed away prior to service of the citation on it.

2

**YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

You are hereby commanded to appear by filing a written answer to the petition of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 90TH District Court Stephens County, Texas at the Courthouse in the City of Breckenridge, Texas.

On July 25, 2022, Shelia, a non-attorney, signed and filed a letter with the district clerk on behalf of both Appellants; the letter purports to be an answer. This filing does not contain a certificate of service or a physical address for either Appellant. In the letter, Shelia stated that: (1) "In response to the citation . . . I do not believe that [we] personally owe[] Deere Credit any further payment in reference to [the] lease agreement;" (2) "[p]ayments of $173,262.19 were tendered to Deere Credit which included a final lump sum payment of $28,608.92 which was to close out this agreement"; (3) "the equipment was returned free of default and properly maintained at our further expense"; and (4) "no such claim to any further amount owed was sent until after a full calendar year after [the] equipment had been returned." Dismissal of the underlying suit was also requested, and an office telephone number, cell phone number, and e-mail address were listed on the letter below Shelia's signature. Attached to this letter is a transaction list and balance sheet for payments that were allegedly made by Appellants to Deere Credit from August 2016 to July 2019.

On February 24, 2023, EZ Messenger filed a "RE-ISSUE REQUEST" on behalf of Deere Credit and requested new citations for service for Unger Texas Stone and Shelia; these citations were issued the same day and included the identical "notice" language that was recited in the March 7, 2022, citations. Unger Texas

Stone and Shelia were each served with the second citation on April 15, 2023.[2] Deere Credit also personally served a citation for Unger Texas Stone on November 8, 2023, through an individual identified as Michael Orta at the Secretary of State's physical address in Austin. It is undisputed that no pleadings or other documents were filed on behalf of either Appellant after they were served with the reissued citations.

Deere Credit filed a motion for default judgment on June 12, 2024, whereby it sought judgment against both Unger Texas Stone and Sheila. In its motion, Deere Credit made the following assertions: (1) Unger Texas Stone was properly served with citation and Deere Credit's original petition on November 8, 2023; (2) Shelia was properly served with citation and Deere Credit's original petition on April 14, 2023—although she had been properly served with these same documents on July 7, 2022; and (3) neither Unger Texas Stone nor Sheila filed an answer, or any pleading or other filing that could constitute an answer, nor had they, as of the date the motion was filed, entered an appearance in this case.[3] A proposed order setting hearing was filed contemporaneously with Deere Credit's motion, which had the following notation: "Reject - Hearing not needed." The trial court did not set or hold a hearing on the motion and instead signed a final default judgment in favor of Deere Credit on the same day the motion was filed.[4]

The default judgment, rendered against both Unger Texas Stone and Shelia, awarded Deere Credit $8,610.52 for the debt it sought, attorney's fees of $1,000,

---

[2]Again, citation and service for Unger Texas Stone was to be made through Ervin, its registered agent for service.

[3]Deere Credit's motion did not contain a certificate of service; however, it included a "certificate of last known address" for Unger Texas Stone and Shelia.

[4]The trial court's final default judgment does not contain a certificate of service.

4

contingent attorney's fees of $5,000 in the event it successfully prevailed on appeal before the court of appeals, contingent attorney's fees of $3,500 if it successfully prevailed on appeal before the Texas Supreme Court, court costs, and interest. Appellants filed their notice of restricted appeal on October 18, 2024.

## II. *Standard of Review*

Because this is a restricted appeal, Unger Texas Stone and Shelia must establish each of the following to prevail: (1) they filed a notice of the restricted appeal within six months after the challenged judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of, and they did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014)); *see also* TEX. R. APP. P. 26.1(c), 30. The first three requirements are jurisdictional. *Shamrock Enters., LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 696 (Tex. 2026); *E.H.*, 602 S.W.3d at 496–97. The fourth requirement focuses on the merits of the grounds for bringing the appeal. *E.H.*, 602 S.W.3d at 497 ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal.").

Our review of a restricted appeal is limited to the face of the record; we may not consider extrinsic evidence. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004). The face of the record consists of the evidence that is before the trial court when it signed its judgment.[5] *Id.* In reviewing the "face of the record, we may not draw any inferences or make any presumptions. *Id.* at 849.

---

[5]We may not consider the evidence or other documents that Appellants attached as exhibits to their appellate brief or in their appendix, which are not part of the appellate record. *See Children of the*

The record on appeal in this case consists solely of the clerk's record. Because it is undisputed that Unger Texas Stone and Shelia have satisfied the three jurisdictional requirements to pursue a restricted appeal, we need only address the fourth restricted-appeal requirement—whether error is apparent on the face of the record.

## III. *Analysis*

Unger Texas Stone and Shelia assert that error is apparent on the face of the record because it shows that: (1) a timely answer was filed on behalf of both of them; (2) they did not receive notice that Deere Credit's motion for default judgment had been filed and thus did not have an opportunity to respond to the motion before it was granted; and (3) they did not receive notice that the trial court had signed the default judgment and were thus prevented from filing a timely motion for new trial.

In response, Deere Credit argues that the trial court's default judgment should stand because neither Unger Texas Stone nor Sheila filed a proper answer or other responsive pleading. Deere Credit makes two contentions in support of its argument: (1) the letter signed and filed by Shelia did not contain sufficient information to constitute a proper answer; and (2) Unger Texas Stone did not appear or otherwise file an answer or other responsive pleading through a licensed attorney.

For the reasons discussed below, we conclude that error is apparent on the face of the record because: (1) the letter signed and filed by Shelia contains sufficient information to constitute an answer on her behalf, *see Aaron v. Fisher*, 645 S.W.3d 299, 311–13 (Tex. App.—Eastland 2022, no pet.); and (2) Shelia's letter was intended to and operates as a sufficient answer for Unger Texas Stone.

*Kingdom v. Central Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 415 n.3 (Tex. App.—Eastland 2023, pet. denied); *Creekside Rural Invs., Inc. v. Hicks*, 644 S.W.3d 896, 906 n.5 (Tex. App.—Eastland 2022, no pet.); *Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

A. *Notice and Due Process*

Notice is a fundamental requirement of due process, and such notice, if one is entitled to receive it, must afford all parties to the pending suit notice of the suit and a meaningful opportunity to be heard. *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 188–89 (Tex. 2022); *Barrientos v. Barrientos*, 675 S.W.3d 399, 405 (Tex. App.—Eastland 2023, pet. denied) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). When a party is not afforded a meaningful opportunity to be heard, "the remedy for a denial of due process is due process." *Barrientos*, 675 S.W.3d at 405 (quoting *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995)). Thus, as a matter of due process, a party that has filed an answer before judgment is rendered against it is entitled to notice of all settings and proceedings that may result in the disposition of the pending action. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988); *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012).

The Texas Supreme Court has also noted that Texas law disfavors default judgments against parties and instead favors the adjudication of disputes on the merits. *See Tabakman v. Tabakman*, 728 S.W.3d 703, 707 (Tex. 2025) (per curiam) (citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 921, 925 (Tex. 2024)). Because of this, the absence of the defaulted party raises concerns about the general fairness of the trial court's default judgment, and "*any* doubts about a default judgment—not just doubts about service—'must be resolved against the party who secured the default.'" *Id.* (quoting *Lakeside Resort*, 689 S.W.3d at 922). As such, the failure to comply with the rules of civil procedure that govern notice constitutes error on the face of the record. *See id.*; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied) (citing *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.)).

B. *The Default Taken Against Shelia*

It is axiomatic that a plaintiff may at any time take a default judgment against a defendant who fails to answer or otherwise appear before judgment is rendered against it; therefore, a defendant who fails to answer or make an appearance is not entitled to notice of a plaintiff's intention to seek a default judgment. *See* TEX. R. CIV. P. 239; *Beard v. Uriostegui*, 426 S.W.3d 178, 181 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)). The form of an "answer" may vary. However, an answer or any responsive pleading filed by a defendant must contain sufficient information to place in issue the claims that have been asserted by the plaintiff in the underlying suit.[6] *See Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 716 (Tex. App.—Austin 2005, no pet.). The determination of what constitutes an answer is fact-specific. *Gales v. Denis*, 260 S.W.3d 22, 30 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Hock v. Salaices*, 982 S.W.2d 591, 594 (Tex. App.—San Antonio 1998, no pet.)).

Deere Credit argues that Shelia's letter does not contain sufficient information to constitute a proper responsive pleading. We disagree. A reviewing court "look[s] to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *Aaron*, 645 S.W.3d at 310 (the substance of the relief sought in a pleading, rather than its title or formal style, determines its character) (citing *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016)). Further, a responsive pleading may

---

[6]While pro se litigants are not exempt from compliance with the applicable laws and procedural rules, pro se pleadings must nonetheless be liberally construed. Therefore, to ensure that a pro se litigant is afforded a fair opportunity to be heard, we review and construe the pleadings of pro se litigants by less stringent standards when compared to pleadings that are drafted by licensed attorneys. *See Aaron*, 645 S.W.3d at 312; *Veigel v. Tex. Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.); *see also Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

constitute an answer even if it does not strictly comply with the applicable Rules of Civil Procedure. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); *see also Sells v. Drott*, 259 S.W.3d 156, 159 (Tex. 2008) (per curiam). In this instance, while Shelia's letter does not identify her title, her connection to Unger Texas Stone, or a physical address for either her or Unger Texas Stone, we conclude that it is, *in substance*, an *answer* to Deere Credit's suit, in her individual capacity. *See Desta v. Wassihun*, No. 14-24-00984-CV, 2026 WL 805753, at *3 (Tex. App.—Houston [14th Dist.] Mar. 24, 2026, no pet. h.) (a pro se defendant's e-mail to the district clerk was sufficient to constitute an answer where it included the case number, nature of the suit, the defendant's status as respondent, and the defendant's e-mail address and telephone number) (collecting cases); *Interest of J.G.*, No. 02-22-00238-CV, 2023 WL 2179463, at *6 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op.).

The adequacy of a "letter-answer" filed by a pro se defendant was addressed by the Texas Supreme Court in *Lippmann*. At issue was a letter that the court held "sufficiently answered the respondent's service of citation." 826 S.W.2d at 137. Smith, the named defendant in the case below, mailed a letter to the district clerk acknowledging that he had received the citation that was issued. *Id.* The district clerk received and filed Smith's letter two days later. *Id.* Although Smith's letter was somewhat informal and not drafted in a "typical answer format," it nevertheless provided (1) a timely response to the suit that Lippmann had filed against him, and (2) his acknowledgment and acceptance of the citation and petition. *Id.* at 138. Based on its content, the court held that Smith's letter was sufficient to constitute an answer to the suit and thus avoid the harsh consequences of a default judgment, because his signed letter "identifie[d] the parties, the case, and the defendant's current address." *Id.* Therefore, Smith was entitled to notice of any subsequent proceedings associated with the case. *Id.*

We note that the court in *Lippmann* did not limit or otherwise articulate factors that are exhaustive, conclusive, or must be considered by a court in its determination of whether a letter filed by a pro se litigant constitutes a sufficient answer. However, post-*Lippmann*, we and some of our sister courts have held that a filed letter that contains some, but not all, of the characteristics expressed in *Lippmann* may qualify as an answer. *See Desta*, 2026 WL 805753, at *3; *see also Aaron*, 645 S.W.3d at 310; *Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 624 (Tex. App.—Beaumont 2018, no pet.) (collecting cases where the characteristics of letters filed by pro se defendants constituted a sufficient answer in each case and thus entitled the filing party to notice of all proceedings); *Beard*, 426 S.W.3d at 182 (the pro se defendant's letter to the court was held to be a sufficient answer where it identified the case number, the style of the case, and the parties); *Granade v. Granade*, No. 14-10-00340-CV, 2011 WL 2899627, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2011, no pet.) (mem. op.) (a faxed letter was a sufficient answer, even though it did not include the defendant's address, where the case number, the defendant's signature, and contact phone numbers were included); *Home Sav. of Am. FSB v. Harris Cnty. Water Control & Improvement Dist. No. 70*, 928 S.W.2d 217, 218 (Tex. App.—Houston [14th Dist.] 1996, no writ) (a letter contained the pro se litigant's address, the case number, and a denial of liability).

After Shelia was served on July 2, 2022, she filed her letter on July 25, 2022—within the prescribed time in which to file an answer. *See* TEX. R. CIV. P. 99(c). Shelia's letter identified the correct case number, the parties to the case, the office telephone number, cell phone number, and e-mail address for the defendants (Appellants) to the suit; Sheila also attached documents that she claimed are related to the disputed payable accounts. Additionally, Shelia's letter included other *Lippmann* characteristics, which we and other courts have considered to be pertinent to determining whether a pro se letter constitutes a sufficient answer—namely, a

denial of liability and/or the allegations asserted by the plaintiff, and an offer of proof to support the stated denial. *See Lippmann*, 826 S.W.2d at 138; *Aaron*, 645 S.W.3d at 312; *Guadalupe Econ. Servs. Corp.*, 183 S.W.3d at 716–17; *In re K.B.A.*, 145 S.W.3d 685, 690–91 (Tex. App.—Fort Worth 2004, no pet.); *Home Sav. of Am. FSB*, 928 S.W.2d at 218.

Here, the contents of Shelia's July 25 letter that was filed with the district clerk and addressed to the trial court provided "fair and adequate notice" to Deere Credit and contained sufficient information to constitute an answer to its suit on her behalf. *See Desta*, 2026 WL 805753, at *3 (first citing *Granade*, 2011 WL 2899627, at *2; and then citing *Home Sav. of Am. FSB*, 928 S.W.2d at 218–19); *see also Rhojo Enters.*, 540 S.W.3d at 625 (citing *Beard*, 426 S.W.3d at 182); *Home Sav. of Am. FSB*, 928 S.W.2d at 218 ("Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of a letter."); *Harris v. Harris*, 850 S.W.2d 241, 242–43 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ) (same); *Haller v. Clavo Oil, LLC*, No. 11-11-00230-CV, 2013 WL 4459036, at *1 (Tex. App.—Eastland Aug. 15, 2013, pet. denied) (mem. op.) (same).

Therefore, because Shelia did not receive the required notice of the filing of Deere Credit's motion for default judgment, the grant of which was dispositive of the case, and did not have the opportunity to respond to the motion, error is apparent on the face of the record as to her. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 391 (Tex. 1989) (holding that, as a matter of due process, a defendant who makes an appearance in a case must receive notice of any filing or setting that could result in the disposition of the pending action); *Desta*, 2026 WL 805753, at *3 (first citing *Granade*, 2011 WL 2899627, at *2; and then citing *Home Sav. of Am.*

*FSB*, 928 S.W.2d at 218–19); *Bryant v. Gamblin*, 829 S.W.2d 228, 229 (Tex. App.—Eastland 1991, writ denied).

C. *The Default Taken Against Unger Texas Stone*

Whether Shelia's July 25 letter may also constitute an answer on behalf of Unger Texas Stone, which is a *limited partnership*, appears to be a matter of first impression.

In most instances, an entity may only answer through and must appear and be represented by a licensed attorney. *See Kunstoplast of Am. v. Formasa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *Tex. Constr. Specialists, L.L.C. v. Ski Team VIP, L.L.C.*, 659 S.W.3d 67, 74 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *Forrest Prop. Mgmt., Inc. v. McGinnis*, No. 10-10-00273-CV, 2010 WL 4572384, at *1 (Tex. App.—Waco Nov. 10, 2010, no pet.) (mem. op.); *see also* TEX. GOV'T CODE ANN. § 81.102(a) (West 2023). Despite this, we acknowledge that courts have "gone to great lengths to excuse defects in answers to prevent the entry of *default judgments*" when answers are filed on behalf of a *corporation* by non-attorney corporate officers. *See Rhojo Enters.*, 540 S.W.3d at 625 (emphasis added) (quoting *Dehoyos*, 183 S.W.3d at 715 n.4); *see also KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 n.5 (Tex. App.—Dallas 2003, no pet.). The same consideration has been held to apply in a default judgment setting when a non-attorney files an answer on behalf of a *limited liability company (LLC)*. *See Hart Custom Homes, LLC v. Palomar Invest. Grp., LLC*, No. 01-22-00343-CV, 2023 WL 7391878, at *3 (Tex. App.—Houston [1st Dist.] Nov. 9, 2023, no pet.) (mem. op.). This is so because, in either circumstance, an answer that is filed by a non-attorney on behalf of an entity, although arguably defective, is neither void nor insufficient and may be effective and constitute an answer on behalf of the entity for purposes of preventing the trial court from granting a *default judgment* against the entity. *Id.* (citing *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 209 (Tex.

12

App.—Houston [14th Dist.] 2011, no pet.)); *see Lohmann v. EWC Franchise, LLC*, No. 11-24-00095-CV, 2025 WL 2617721, at *4 n.2 (Tex. App.—Eastland Sept. 11, 2025, pet. filed); *Wuxi Taihu Tractor Co. v. York Grp., Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *9 (Tex. App.—Houston [1st Dist.] Dec. 2, 2014, pet. denied) (mem. op.). We believe that this principle, and its application, should be extended and applied equally to a *limited partnership* that is defaulted after a non-attorney who is associated with the limited partnership has filed a timely answer on its behalf.[7]

Mindful of this, it is undisputed that (1) Unger Texas Stone is a limited partnership, and (2) Sheila is not a licensed attorney. Nevertheless, the parties' 2016 lease agreement shows that Unger Management Company, LLC, of which Sheila is the managing member, is Unger Texas Stone's general partner, and that Sheila executed this lease in that capacity and on behalf of the general partner. In this instance, the contents of Shelia's July 25 letter that was filed with the district clerk and addressed to the trial court, and which she signed and intended to file on behalf of herself *and* Unger Texas Stone, is a sufficient answer to Deere Credit's suit for Unger Texas Stone. Therefore, because Unger Texas Stone, like Sheila, did not receive the required notice of the filing of Deere Credit's motion for default judgment, the grant of which was dispositive of the case, and did not have the opportunity to respond to the motion, error is also apparent on the face of the record as to Unger Texas Stone. *See LBL Oil Co.*, 777 S.W.2d at 391.

D. *Conclusion*

As the supreme court has expressed, default judgments are disfavored. *Tabakman*, 728 S.W.3d at 707. In this case, because Unger Texas Stone and Shelia

---

[7]Our holding today differs from our decision in *Lohmann* in that it involved an individual (non-attorney) who claimed to have filed a pro se motion for new trial on behalf of an LLC; however, the individual never filed an answer on behalf of himself or the LLC. *See Lohmann*, 2025 WL 2617721, at *4–5.

filed a timely answer to Deere Credit's suit after they were served with citation and thus had made appearances in this case before the trial court signed its default judgment, they were entitled to notice of Deere Credit's intention to seek the default judgment that it secured against them and the opportunity to be heard.  *See LBL Oil Co.*, 777 S.W.2d at 391; *Desta*, 2026 WL 805753, at *3 (first citing *Granade*, 2011 WL 2899627, at *2; and then citing *Home Sav. of Am. FSB*, 928 S.W.2d at 218–19); *see also Bryant*, 829 S.W.2d at 229; *Venture Steel, Inc.*, 737 S.W.2d at 57 (stating that either special exceptions or a motion to strike the challenged answer should have been filed before resorting to seeking a default judgment without notice when the record contained letters filed by the defendant).  As such, the default judgment taken against them cannot stand.

Accordingly, we sustain Unger Texas Stone's and Shelia's issues on appeal.

## IV.  *This Court's Ruling*

We reverse the trial court's judgment, and we remand this cause to it for further proceedings consistent with this opinion.


W. STACY TROTTER
JUSTICE


April 16, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.